```
SCOTT J. STILMAN, ESQ., SBN 120239
SUSAN L. FORMAKER, ESQ., SBN 128106
OFFICE OF THE GENERAL COUNSEL
9200 OAKDALE AVENUE, SEVENTH FLOOR
MAIL STOP N110701
CHATSWORTH, CALIFORNIA 91311
Telephone: (818) 775-7856
Facsimile: (818) 349-2734

Attorneys for Defendant,
WASHINGTON MUTUAL BANK, erroneously
sued as WASHINGTON MUTUAL BROKERAGE HOLDINGS INC.
dba WASHINGTON MUTUAL BANK
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE QUINN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BROKERAGE HOLDINGS INC., DBA WASHINGTON MUTUAL BANK and DOES 1-100 inclusive,<br><br>　　　　　Defendants | **CASE NO.** C06-03785 JSW<br><br>DEFENDANT WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Action Filed: 06/15/2006 |

Defendant WASHINGTON MUTUAL BANK, erroneously sued as WASHINGTON MUTUAL BROKERAGE HOLDINGS INC., DBA WASHINGTON MUTUAL BANK ("Washington Mutual") admits, denies and alleges in answer to Plaintiff's Complaint ("Complaint") herein as follows:

1.　Answering paragraph 1 of the Complaint, Washington Mutual admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. Sections 1343(a) and under 42 U.S.C. Sections 12101, et seq. Washington Mutual admits further

1

that this Court has pendant jurisdiction over Plaintiff's California State Law claims. Except as expressly alleged, Washington Mutual denies generally and specifically the allegations contained in said paragraph.

2. Answering paragraph 2 of the Complaint, Washington Mutual admits that venue in United States District Court for the Northern District of California is proper.

3. Answering paragraph 3 of the Complaint, Washington Mutual admits that it operates retail bank branches at 2670 Berryessa Road, San Jose, CA; 1605 Winchester Blvd., Campbell, CA; 2200 El Camino Real, Santa Clara, CA; 20573 Stevens Creek Blvd., Cupertino, CA; 55 West Santa Clara Street, San Jose, CA; 749 West El Camino Real, Mountain View, CA; 300 Hamilton Avenue, Palo Alto, CA; and 1866 Camden avenue, San Jose, CA. Except as expressly alleged, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

4. Answering paragraph 4 of the Complaint, Washington Mutual denies that "Defendant may have had hundreds or thousands of transactions that violated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them." Washington Mutual further denies that it calculates the cost of paying $4,000 damage awards as a cost of doing business. Washington Mutual further alleges that California's Unruh Civil Rights Act speaks for itself. Except as expressly alleged, Washington Mutual lacks sufficient information and belief upon

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

5. Answering paragraph 5 of the Complaint, Washington Mutual alleges that California's Unruh Civil Rights Act, Civil Code Section 52(a) speaks for itself.

6. Answering paragraph 6 of the Complaint, Washington Mutual alleges that <u>Botosan vs. Paul McNally Realty</u> speaks for itself. Further answering paragraph 6, Washington Mutual denies that Plaintiff was denied access to the subject branches. Except as expressly alleged, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

7. Answering paragraph 7 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

8. Answering paragraph 8 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

9. Answering paragraph 9 of the Complaint, Washington Mutual alleges that said paragraph is so vague, ambiguous and unintelligible as to make a response impossible without engaging in speculation. To the extent Washington Mutual may understand paragraph 9, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining

1 allegations of said paragraph.

2    10. Answering paragraph 10 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

    11. Answering paragraph 11 of the Complaint, Washington Mutual denies said allegations on the grounds that said paragraph is vague, ambiguous, unintelligible and incomplete on its face.

    12. Answering paragraph 12 of the Complaint, Washington Mutual alleges that said paragraph is vague, ambiguous and unintelligible, and, as such, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

    13. Answering paragraph 13 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

    14. Answering paragraph 14 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

    15. Answering paragraph 15 of the Complaint, Washington Mutual alleges that said paragraph is so vague, ambiguous, unintelligible and incomplete, as to make a response impossible, and on that basis denies generally and specifically the allegations set forth therein.

    16. Answering paragraph 16 of the Complaint, Washington Mutual alleges that said paragraph is so vague, ambiguous,

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

unintelligible and incomplete, as to make a response impossible, and on that basis denies generally and specifically the allegations set forth therein.

17. Answering paragraph 17 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

18. Answering paragraph 18 of the Complaint, Washington Mutual alleges that said paragraph is vague, ambiguous and unintelligible, and, as such, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the remaining allegations of said paragraph.

19. Answering paragraph 19 of the Complaint, Washington Mutual alleges that said paragraph is so vague, ambiguous, unintelligible and incomplete, as to make a response impossible, and on that basis denies generally and specifically the allegations set forth therein.

20. Answering paragraph 20 of the Complaint, Washington Mutual alleges that said paragraph is so vague, ambiguous, unintelligible and incomplete, as to make a response impossible, and on that basis denies generally and specifically the allegations set forth therein.

21. Answering paragraph 21 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

22. Answering paragraph 22 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

190075     WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIRST CAUSE OF ACTION**

23. Answering paragraph 23 of the Complaint, Washington Mutual repeats and realleges its responses to paragraphs 1 through 22 as though set forth in full.

24. Answering paragraph 24 of the Complaint, Washington Mutual alleges that California Civil Code Section 54.1 speaks for itself.

25. Answering paragraph 25 of the Complaint, Washington Mutual alleges that the referenced California Civil Codes Sections speak for themselves.

26. Answering paragraph 26 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

27. Answering paragraph 27 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

28. Answering paragraph 28 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

29. Answering paragraph 29 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

30. Answering paragraph 30 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations of said paragraph. Washington Mutual specifically denies that Plaintiff is entitled to injunctive relief.

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

## SECOND CAUSE OF ACTION

31. Answering paragraph 31 of the Complaint, Washington Mutual repeats and realleges its responses to paragraphs 1 through 30 as though set forth in full.

32. Answering paragraph 32 of the Complaint, Washington Mutual alleges that the United States Codes Sections referenced therein speak for themselves.

33. Answering paragraph 33 of the Complaint, Washington Mutual alleges that said paragraph does not properly plead any allegation and therefore does not require either an admission or denial.

34. Answering paragraph 34 of the Complaint, Washington Mutual alleges that the United States Codes Sections referenced therein speak for themselves.

35. Answering paragraph 35 of the Complaint, Washington Mutual alleges that the United States Codes Sections referenced therein speak for themselves.

36. Answering paragraph 36 of the Complaint, Washington Mutual alleges that the code sections referenced speak for themselves. Further answering paragraph 36 of the Complaint, Washington Mutual alleges that said allegations are so vague, ambiguous, unintelligible and incomplete as to make a response impossible and for that reason, denies generally and specifically the remaining allegations of said paragraph.

37. Answering paragraph 37 of the Complaint, Washington Mutual alleges that said paragraph is so vague, ambiguous, unintelligible and incomplete, as to make a response impossible, and on that basis denies generally and specifically

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

190075  WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT

the allegations set forth therein.

38. Answering paragraph 38 of the Complaint, Washington Mutual alleges that the code sections referenced speak for themselves. Further answering paragraph 38 of the Complaint, Washington Mutual alleges that said allegations are so vague, ambiguous, unintelligible and incomplete as to make a response impossible and for that reason, denies generally and specifically the remaining allegations of said paragraph.

39. Answering paragraph 39 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

40. Answering paragraph 40 of the Complaint, Washington Mutual denies generally and specifically the allegations of said paragraph.

41. Answering paragraph 41 of the Complaint, Washington Mutual lacks sufficient information and belief upon which to base an answer, and, for that reason, denies generally and specifically the allegations of said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

42. As a first affirmative defense, Washington Mutual alleges that each cause of action of the Complaint fails to state facts sufficient to constitute any cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

43. As a second affirmative defense, Washington Mutual alleges that the Complaint is barred by the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

44. As a third affirmative defense, Washington Mutual alleges that the Complaint is barred by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

45. As a fourth affirmative defense, Washington Mutual alleges that the equitable doctrine of estoppel bars the instant Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

46. As a fifth affirmative defense, Washington Mutual alleges that Plaintiff has waived his right to bring this action against it.

**SIXTH AFFIRMATIVE DEFENSE**

47. As a sixth affirmative defense, Plaintiff at all times had actual and/or constructive knowledge of the circumstances upon which Plaintiff bases his Complaint. Plaintiff expressly accepted those circumstances and thereby ratified the conduct of which Plaintiff complains.

**SEVENTH AFFIRMATIVE DEFENSE**

48. As a seventh affirmative defense, Washington Mutual alleges that as to any damages Plaintiff claims he has sustained, which damages are denied by Washington Mutual, Plaintiff has failed to take reasonable action to mitigate such damages.

**EIGHTH AFFIRMATIVE DEFENSE**

49. As an eighth affirmative defense, Washington Mutual alleges that as to any damages Plaintiff alleges that he has sustained, which damages are denied by Washington Mutual, such

damages were proximately caused by the negligence of Plaintiff and/or other third parties.

### NINTH AFFIRMATIVE DEFENSE

50. As a ninth affirmative defense, to the extent Plaintiff was partially, if not wholly, negligent or otherwise at fault, Plaintiff should be barred from recovery of that portion of damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

### TENTH AFFIRMATIVE DEFENSE

51. As a tenth affirmative defense, if Washington Mutual is responsible in any respect for any injuries or damages suffered by Plaintiff, which Washington Mutual expressly denies, others caused or contributed to such injuries and damages, and Washington Mutual's proportionate liability, if any, should be reduced to the extent thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

52. As an eleventh affirmative defense, to the extent Plaintiff is entitled to recover any damages in connection with this litigation, these damages are due to the conduct of other persons and/or entities whom are solely responsible for any affirmative obligations to make the premises accessible.

### TWELFTH AFFIRMATIVE DEFENSE

53. As a twelfth affirmative defense, Washington Mutual alleges it has acted in compliance with the Americans with Disabilities Act.

//
//

**THIRTEENTH AFFIRMATIVE DEFENSE**

54. As a thirteenth affirmative defense, the accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, feasible, and/or would result in an undue burden on Washington Mutual and others.

**FOURTEENTH AFFIRMATIVE DEFENSE**

55. As a fourteenth affirmative defense, Washington Mutual did not intentionally impede or impair access to Plaintiff and allege that the discriminatory conduct alleged in the Complaint by Plaintiff was not intentional.

**FIFTEENTH AFFIRMATIVE DEFENSE**

56. As a fifteenth affirmative defense, Washington Mutual alleges that the subject property and premises comply with California Health and Safety Code §19955 et seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

57. As a sixteenth affirmative defense, Plaintiff lacks standing to bring the causes of action asserted in this Complaint, including that Plaintiff lacks standing to assert a claim for denial of accessible sanitary facilities in violation of the California Health & Safety Code §§ 19955 et seq., because there is no private right of action thereunder.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

58. As a seventeenth affirmative defense, Washington Mutual alleges that the subject property and premises comply with Civil code §51 et seq. and §54 et seq.

//

//

**EIGHTEENTH AFFIRMATIVE DEFENSE**

59. As an eighteenth affirmative defense, Washington Mutual alleges that the subject property and premises comply with Government Code §4450 et seq.

**NINETEENTH AFFIRMATIVE DEFENSE**

60. As a nineteenth affirmative defense, Plaintiff's prayer for punitive damages is barred in that she has failed to plead facts sufficient to support allegations of malice, oppression or fraud.

**TWENTIETH AFFIRMATIVE DEFENSE**

61. As a twentieth affirmative defense, Plaintiff is not entitled to recover any punitive or exemplary damages on the ground that any award of punitive or exemplary damages in general and/or any such award as applied to the facts of this specific action would violate Washington Mutual's constitutional rights under provisions of the United States Constitution, and the California Constitution, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

62. As a twenty-first affirmative defense, Plaintiff has failed to plead any cause of action upon which punitive damages may be awarded under Civil Code §3294.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

63. As a twenty-second affirmative defense, Plaintiff is not entitled to recover attorneys' fees under the American with Disabilities Act on the ground that Washington Mutual was already taking measures to address the sought after relief

12

prior to the initiation of Plaintiff's lawsuit.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

64. As a twenty-third affirmative defense, Washington Mutual alleges, based on information and belief, that the design and construction of the premises for first occupancy was prior to January 26, 1992. 34 Code Fed. Regs. §§ 36.401(a)(2) and 36.152.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

65. As a twenty-fourth affirmative defense, Washington Mutual alleges, based on information and belief, there are no modifications or alterations to the premises Washington Mutual leases since January 26, 1992. 14 U.S.C. § 12183(a); 34 Code Fed. Regs. § 12183(a); 34 Code Fed. Regs. § 36.402.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

66. As a twenty-fifth affirmative defense, Washington Mutual provides persons with disabilities alternatives to barrier removal by providing access to merchandise and services by alternative methods, such as customer services and sales assistance.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

67. As a twenty-sixth affirmative defense, Washington Mutual's activities with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect its economic interest and/or relations.

//

190075     WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

68. Washington Mutual reserves the right to plead any additional affirmative defenses as they become known or available during the pendency of this litigation.

WHEREFORE, Washington Mutual respectfully prays that the court adjudge and decree that:

1. Plaintiff takes nothing by way of his Complaint;

2. That Washington Mutual be awarded costs of suit and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 10, 2006

SCOTT J. STILMAN, ESQ.
OFFICE OF THE GENERAL COUNSEL

By: _____
SCOTT J. STILMAN, ESQ.
Attorneys for Defendant
WASHINGTON MUTUAL BANK

OFFICE OF THE GENERAL COUNSEL
9200 Oakdale Avenue, 7th Floor
Mail Stop N110701
Chatsworth, California 91311

190075    WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 9200 Oakdale Avenue, 7th Floor, Mail Stop N110701, Chatsworth, California 91311.

On 7/11/06 I served the foregoing documents described as **DEFENDANT WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Chatsworth, California, addressed as follows:

Keith D. Cable, Esq.
Cable Law Offices
101 Parkshore Drive, Suite 100
Folsom, California  95630
Telephone: (916) 608-7995
Facsimile: (916) 984-5775

☒ (By Mail — Federal)  I placed such envelope with postage thereon fully prepaid in the United States mail at Chatsworth, California.

☒ Executed on July 11, 2006 at Chatsworth, California.

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Shannon Mollett

190075    WASHINGTON MUTUAL BANK'S ANSWER TO PLAINTIFF'S COMPLAINT